The Honorable Veo Easley State Representative P.O. Box 308 Sheridan, AR 72150-0308
Dear Representative Easley:
This is in response to your request for an opinion regarding Grant County's purchase of certain real estate for use as a county library. You state that the County has asked the Grant County Industrial Development Corporation ("GCIDC") to purchase the property and enter into a lease/purchase agreement with the County. You state further:
 The GCIDC will borrow the money from local banks, purchase the property for $71,000, and will agree to lease the property to the county for five years at which time the county will have the option to purchase for $1.00. The interest to be paid on the loan to purchase will be added to the $71,000 in order to arrive at the amount on which to base the lease payments. It is my understanding the lease will be structured in a manner that would allow the county to terminate at the end of any year of the lease.
Your specific question is as follows:
 If the purchase and lease is handled in the above manner, will the county be in violation of the constitution prohibiting the payment of interest on installment purchases, or does the involvement of the GCIDC remove them from that posture?
A conclusive answer to this question would require a review of the particular terms of the lease/purchase agreement. This type of factual review is not within the scope of an opinion from this office. As a general matter, however, I believe that such an arrangement would be suspect under Article 16, Section1 of the Arkansas Constitution, regardless of the involvement of the GCIDC.
Article 16, 1 prohibits counties and cities from issuing interest bearing evidences of indebtedness.[1] Lease/purchase agreements can be violative of this constitutional prohibition because many are not truly "lease" agreements, but are actually conditional sales contracts with interest. A sales agreement containing interest would clearly be violative of art. 16, 1. See Brown v. City of Stuttgart, 312 Ark. 97, 847 S.W.2d 710
(1993). This would be the case regardless of the GCIDC's role as lessor/seller in the transaction.
Whether a particular lease/purchase agreement is in actuality a sale requires a factual determination. Brown v. City of Stuttgart, supra, should, however, be considered in this regard. The court in that case addressed a challenge to the validity of a lease/purchase agreement between the City of Stuttgart and First Continental Financial Corporation on the grounds that the lease was an interest bearing evidence of indebtedness in violation of art. 16, 1. The agreement provided for a sixty month lease with the city's option to purchase the equipment (a garbage truck) for $10.00 at the end of the lease term. 312 Ark. at 100. The court upheld the challenge under art. 16, 1, rejecting the contention that because the lease included a so-called "nonappropriation clause,"[2] there was no interest bearing indebtedness. The court stated:
 The `lease payment schedule' is clearly an amortization schedule complete with a statement of principal and interest to be paid. City of Stuttgart and First Continental assert that because the lease agreement provides for the lease payments to be paid from appropriated funds on hand for the current year, the lease does not constitute interest bearing debt. Yet, the lease payment schedule reflects a plan of payments covering five years in which interest and equity accrue. This being the case, the lease constitutes interest bearing evidence of indebtedness. While it is true that the City of Stuttgart is not bound by the lease if the city cannot appropriate funds, the cancellation of the lease results in lost equity and interest.
Id. at 101.
The court concluded: "[T]he lease . . . is clearly seen as a sale. Although the lease agreement allows the `lease' to be canceled without penalty if funds are not appropriated, nonappropriation is the only way out of the contract without penalty." Id. at 102. The court also looked to the lease's tax exempt status, its relation to a bond issue, and the admission that the lessee anticipated selling certificates of participation in the leases as "[f]urther indicia of the fact that this is a contract for sale rather than a lease. . . ." Id. at 104.
The court thus concluded that the lease agreement contained an interest bearing indebtedness contrary to art. 16, 1. A review of the case should offer guidance in addressing the particular proposal in this instance. All of the surrounding facts must, in my opinion, be considered in light of the interest prohibition contained in art. 16, 1. I suggest that the county seek the advice of its local counsel when making this review. Clearly, following City of Stuttgart, if the "lease" would in fact be viewed as a sale, the interest component will render it invalid, notwithstanding the involvement of the GCIDC.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] The provision states in part as follows:
 Neither the State nor any city, county, town or other municipality in this State shall ever lend its credit, for any purposes whatever; nor shall any county, city or town or municipality ever issue any interest bearing evidences of indebtedness. . . .
Ark. Const. art. 16, 1. With respect to issuance of bonds, see Ark. Const. Amend. 62 and Amend. 65. See also Ark. Const. Amend. 72 (incorporated in Ark. Const. Amend. 38) regarding county libraries.
[2] The nonappropriation clause provided that the lease shall terminate unless sufficient funds are appropriated and budgeted or authorized by the city. 312 Ark. at 98. Thus, the lease was enforceable only if the city appropriated money for the current fiscal year. Id.